**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Donna Ann Reed, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:12-3356-RMG |
| vs. | ) |
| | ) |
| Carolyn W. Colvin, Acting Commissioner | ) |
| of Social Security, | ) **ORDER** |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of

the final decision of the Commissioner of Social Security denying her claim for Disability

Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with 28

U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States

Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and

Recommendation ("R & R") on January 15, 2014, recommending that the decision of the

Commissioner be reversed and remanded. (Dkt. No. 32). The Commissioner has advised the

Court she does not intend to file objections to the R & R. (Dkt. No. 34).

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of those portions of the Report and Recommendation to which specific objection is

made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the

-1-

Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

Plaintiff has sought disability benefits under the Social Security Act since 2005, asserting that she has been disabled since December 2000. A previous Administrative Law Judge decision of July 17, 2007, denied her application for disability benefits. Her present application for disability benefits was filed in September 2009, and she now asserts an onset date of disability of September 3, 2009. (Dkt. No. 32 at 1 n.2). In a decision issued on May 5, 2011, the ALJ determined that Plaintiff had numerous severe physical and mental health impairments, including degenerative disc disease, osteoarthritis, bipolar disorder, depressive disorder, and personality

-2-

disorder. Tr. 12. Nonetheless, the ALJ determined that none of Plaintiff's impairments satisfied any Listing at Step Three and she retained the Residual Functional Capacity for sedentary work. Tr. 15. The ALJ found, based upon the testimony of a Vocational Expert, that there are sufficient jobs in the national economy for persons with Plaintiff's limitations and she was, thus, not disabled under the Social Security Act. Tr. 24.

In reviewing the decision of the ALJ, the Magistrate Judge addressed the ALJ's findings relating to Plaintiff's mental health impairments, particularly the statement that "Plaintiff's mental health impairments are effectively treated with psychotropic medications resulting in mental stability." (Dkt. No. 32 at 33). The Magistrate Judge concluded that this statement is not supported by substantial evidence. *Id.* at 33-34. The Magistrate Judge also found improper the ALJ's failure to consider opinions of Plaintiff's licensed counselor, Ms. Jennifer Brown, regarding the impact of Plaintiff's mental impairments on her work environment. *Id.* at 34.

The Court has carefully reviewed Plaintiff's mental health records from on and after the amended onset date of September 3, 2009, and notes that multiple treating or examining providers have diagnosed Plaintiff with a major depressive disorder or severe depression. These include Plaintiff's primary mental health provider at the Pee Dee Mental Health Center, Ms. Jennifer Brown; a board certified psychiatrist, Dr. Janet Woolery; a board certified neurologist, Dr. James Evans; and a board certified family physician, Dr. Patrick Ryan. Tr. 413, 454, 459-60, 536. Two of these treating physicians, Dr. Evans and Dr. Woolery, have actively considered the use of electroconvulsive therapy ("ECT") to deal what has been described as "treatment resistant bipolar and depression." Tr. 394, 413, 459-60. These mental health records of treating and examining physicians demonstrate the correctness of the Magistrate Judge's conclusion that the

-3-

ALJ's finding that Plaintiff's impairments have been "effectively treated" is not supported by substantial evidence.

The Court also agrees with the finding by the Magistrate Judge that the ALJ improperly declined to consider opinions of the treating counselor, Ms. Brown, regarding the likely impact of Plaintiff's mental impairments on her ability to function in the workplace. Ms. Brown stated in a report dated April 18, 2011, that "the stresses of a normal workday would negatively impact Donna's symptoms" and Plaintiff's "unpredictable moods" and difficulty handling stress would likely create "instability" and "marked disturbances"in the workplace. Tr. 537. The ALJ gave "little weight" to Ms. Brown's opinions on Plaintiff's ability to maintain employment because this was allegedly not a psychological issue and was a matter reserved to the Commissioner. Tr. 20.

The Commissioner has pledged, under the Treating Physician Rule, to consider "every" expert opinion, including an expert's "judgments about the nature and severity of a claimant's impairments" and "prognosis," and to provide greater weight to those expert opinions provided by treating and examining providers. 20 C.F.R. § 404.1527(a)(2),(c)(2). Certain matters are reserved to the Commissioner, such as the issue of whether a claimant satisfies the statutory definition of disability. *Id.* § 404.1527(d)(1). The opinions of Ms. Brown, relating to Plaintiff's likely ability to perform in the workplace because of her psychological impairments relating to stress and a mood disorder, draw upon her special insights and expertise as a treating provider and is the type of expert opinion that should be carefully considered and given a high degree of deference under the Treating Physician Rule. Consequently, the ALJ erred in providing "little weight" to Ms. Brown's opinions on this matter.

-4-

-5-

After a careful review of the Magistrate Judge's Report and Recommendation, the Commissioner's objections, the administrative record, and controlling legal standards, the Court finds that the Report and Recommendation ably analyzes the factual and legal issues in this matter and correctly concludes that the decision of the Commissioner should be reversed and remanded to the agency. Therefore, the Court adopts the Report and Recommendation as the order of the Court.

## Conclusion

Based on the foregoing, the Court hereby **ADOPTS** the Report and Recommendation as the order of the Court, **REVERSES** the decision of the Commissioner, and **REMANDS** the matter to the agency for further action consistent with this order, pursuant to 42 U.S.C. § 405(g).

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

February 3 , 2014
Charleston, South Carolina

-5-